First matter is Jose Luis Reynoso-Selda. Mr. Attorney General. Thank you, Your Honor. My name is Mark Herman, and I represent Petitioner Jose Luis Reynoso-Selda, also known as Jose Lajara. With the court's permission, I'd like to reserve three minutes of my time for rebuttal. Okay. Maybe we can begin by, what are the exceptional circumstances here that we should consider in deciding whether or not to reopen this? We'd have to be a high rule for that. We believe, Your Honor, that the question of whether the circumstances here are exceptional are for the board to decide, not for this court. As Park said, this court's review is limited to the reasons the board gave for its decision. And the board here did not consider Mr. Lajara's argument that he was denied due process in his deportation hearing because the immigration judge did not comply with the agency's regulations designed to protect his due process rights and did not ask him to plead to the charges or plead to his deportability. We believe, Your Honor... But he did concede the charges, didn't he? He conceded deportability. No, Your Honor. The way we read the transcript is that what happened was the immigration judge gave some description of the charges, asked Mr. Lajara if he understood them or if the judge's characterization of them was correct. And he said, yes, I understand. Yes, they're correct, at least from the transcript. He did not speak English well, and it was through an interpreter. The immigration judge never asked, how do you plead to your deportability? Do you admit or deny you're deportable? He just said, after Mr. Lajara said that he understood the charges, that I am satisfied you are deportable for all the charged reasons. Now, at the time, the relevant regulation was 8 CFR 242.16. And that regulation said that the immigration judge shall require the respondent to plead to the order to show cause by stating whether he admits or denies the factual allegations and his deportability under the charges contained therein. So this failure of the immigration judge violated the agency's regulations. And as this court held in Leslie and again in Johnson, violation of the agency's regulations implemented to protect fundamental due process rights, warrants invalidation of the order without any showing of substantial prejudice. So at this time he was using the name Lajara rather than which is his real name? Lajara, Your Honor. All right. He was he was using the name Renoso Selva, right? Yes. Yes. And isn't there a misrepresentation there that sort of poisons the whole proceeding that would not be present necessarily if he if he had admitted who he was and if he had proceeded under his correct name? Your Honor, I don't think that was the ground for the board's decision. So I don't think that can be the basis for this court's decision. The board's decision did not address one way or another whether he was denied due process or whether, as Your Honor points out, it might be a reason he was not denied due process that he said he was Jose Renoso Selva. I think it's equally inferable from the record that he was saying he he was the guy who who faced these charges. I don't think there's any any finding of poisoning the proceedings. But our main argument why why the court has jurisdiction is that this case is controlled by Cruz. I think I've laid out our view of why it would be a legal error if the Board of Immigration Appeals concluded that Mr. Lajara was not denied due process in his deportation hearing. The board's which was the Cesar Corona Miranda that Cruz Cruz. Jose Cruz versus Attorney General for 52 F third to 40. And what the court held in. We think this is the same jurisdictional conundrum the court identified in Cruz because the board's decision does not say whether the denial of reopening rested on a reviewable legal error. The government acknowledges that the court could review legal issues, which would be the the the legal error. I've identified that the immigration judge failed to take his plea or on an unreviewable exercise of discretion that even though the immigration judge violated his due process rights, that would not be an exceptional situation warranting reopening. The latter is discretionary. The former is reviewable. And when the court cannot tell the basis of that ability, it has to jump over the legal conclusion as to whether or not there was a due process violation for the for the for the second floor. Yes. Well, the court can review the legal issue. And we submit it was a violation of due process that the immigration judge failed to take his plea at the hearing. And I don't think the government has disputed that in its briefs. I think that it makes some other arguments, but it doesn't point to where he was asked to plead to the charges or explain how the regulations were complied with in the deportation hearing. I said pleaded charges. You mean the underlying criminal convictions? No, I mean the charges in the order to show cause with which he was served before the deportation hearing and to plead to whether or not he was deportable on those charges on that one. The immigration judge said, I'm going to tell you what the government says about you on this paper and I'd like you to tell me whether it's true and correct. And then he walked him through. You're not a citizen of the United States, but of the Dominican Republic. You entered near Miami without inspection. You were convicted in August. Ninety five of these two drug counts. Are you saying that the missing part was that he just didn't say, do you agree that you're deportable? That was missing, Your Honor. And the other thing that was missing is all of these sentences begin. The government has charged the government claims. So it was ambiguous whether he was being asked, do you understand the government's charges or whether he admitted to the charges. Now the regulation requires the immigration judge to do both. 242-16-A says the immigration judge must read the factual allegations and the charges and explain them to the respondent. Make sure he understands. And then B requires a pleading. Our submission is that he never proceeded beyond the first step of identifying whether Mr. Lajara understood the charges because all those statements were prefaced with the government. And then I asked him, I want you to tell me if these statements are true and correct. Again, the statements that he was asking whether they were true or correct were statements that began the government claims. So we would submit that's ambiguous. And I think, as Your Honor pointed out, there's no statement in the transcript. Do you concede that these would be a basis for deportability? Do you concede you are deportable? The other argument we make is that the court has jurisdiction because the board failed to follow a settled course of reopening cases. So aliens could apply for relief under the former Section 212C of the Immigration and Nationality Act. On pages 22 and 23 and footnote 6, I think, of our opening brief, we cite 12 cases in which the board reopened proceeding sua sponte to permit such applications. Well, 12 cases out of what, hundreds? Is that a settled procedure? We think so, Your Honor. The government hasn't. I don't think they cited any cases that declined sua sponte reopening in this circumstance. I think both those cases, and that goes back to the Cruz case I asked you about earlier, the Cesar Colón Miranda de la Cruz case, where there was a situation where one of the factors was either incorrect or determined not to be a legal impediment to 212C relief. The way we read the cases, Your Honor, and there are one or two with some more reasoning, but the bulk of those 12 cases do not state anywhere in the analysis whether the applicant had accrued the requisite physical presence before the deportation order or really engage in an analysis of whether the applicant is prima facie entitled to the relief. So it's our reading of the cases that what the board is doing consistently is reopening to permit the application without requiring such a showing. With that, I'd like to reserve the balance of my time for rebuttal. Okay, thank you. Thank you. May it please the Court? I am Sarah Byram, appearing on behalf of the United States Attorney General. It's important to remember that this case arises solely in the context of sua sponte reopening and that this Court's jurisdiction is very limited to two exceptions, where the board has relied on an erroneous legal premise or where they have departed from a settled course of action. Neither of those exceptions exist in this case. What about the 12 cases that your opponent decided? The 12 cases that my opponent cites in his brief, he cites those in an attempt to show a settled course of action, obviously in the departure. But in those cases, and it is a limited pool, the agency found that in those cases the petitioner was eligible for 212C. In this case, the petitioner is not statutorily eligible for 212C. It's one of the reasons why the board denied sua sponte. They said that he couldn't show a change in the outcome of his proceedings if they were reopened. And it's also why, to the extent that petitioner continues to mention due process, he can't show the prejudice. The petitioner is not eligible for 212C. To be eligible, he needs to have seven years of domicile, and he cannot meet that here. What about the seven years, the 13 years between the time he reentered and the time he was brought before the immigration office again? In his current ongoing proceedings in New York? Yeah. The problem there is that at the time that the deportation order was final, which was in 1996, at that point he was no longer considered a legal permanent resident and his accrual of lawful domicile stopped. So he only would have had two years. Additionally, he was deported. The clock stopped at 1996, is what you're saying? The clock stopped at 1996 when his order of deportation became final in October of 1996. He received his legal permanent residency in 1994. So that's two years. And in addition, he was deported to the Dominican Republic in 1998. So at best he has four years of presence. And at the time that that order was issued, the clock stopped running, and he only had the requisite two years. And so he is not eligible for 212C. To the extent that he claims that he continues to be eligible, he hasn't shown how he gets past the final order of deportation, which cuts his legal permanent residency. And, of course, as we know, he is in 240 proceedings ongoing in New York. He's free to raise all these claims again if he wants to raise them again. That case is still pending, is it? That case is still pending, yes. Do you have some water? I'll give you a second or two more if you need it. I'm okay. I have a cold, so thank you. Thank you. And relatedly, with respect to his deportability, I just wanted to touch on a few things that my opposing counsel said. First of all, again, there's no reliance on an erroneous legal premise or departure. Here he has the New Jersey State drug convictions. Opposing counsel raises issues with the immigration judge's questioning. We don't see the same issue. She goes through each of the convictions. She asks him if he understands that these are convictions that the government has alleged against him, that these are the basis for these charges. He says he understands. There's no indication he doesn't understand. He admits that they relate to him. They are him. Yes, they are him. He never disputes that they are him. And even if the immigration judge didn't explicitly ask him, do you concede or deny these charges, she found him deportable independently based on her review of the conviction records that she found to be clear and convincing evidence, in connection with his admissions that, yes, these were my convictions and they relate to me. So the immigration judge, her actions were proper, and they were particularly proper because he was pro se. So here she didn't rely just on what he said. She went to the evidence. And so that was proper. He also can't show that his outcome would change. The agency found him deportable based on these controlled substances convictions. For having a conviction of a controlled substance offense, he cannot show that that doesn't apply to him, that if his proceedings were reopened, that that would somehow change. Also, I would note that in his 240 ongoing proceedings now, he has the companion 8 U.S.C. 1227 charge on the controlled substances there as well. So at bottom, this is a sua sponte case. The board did not rely on any erroneous legal premise or a departure of a settled course of action in this case. Finally, Cruz isn't inapplicable because the circumstances are different. In Cruz, it's inapplicable because there are distinguishing factual circumstances. In Cruz, what happened there was the petitioner's conviction was vacated, which then opened him up to potential relief that he may have been eligible for. This court in Cruz found that when a petitioner's conviction is vacated, the agency, as well as this court, does have case law addressing those circumstances. Here we don't have any of the vacated convictions. The board has no settled course of reopening for petitioners who are ineligible for 212C, as is the case here. And so in conclusion, this court does not have jurisdiction to review this sua sponte reopening because neither of the exceptions apply. If there are no first due process, wouldn't it be the kind of legal issue that would at least give us jurisdiction to take a look at his argument? With respect to due process? The denial of due process, the alleged due process. Well, first of all, it's important to note that with this due process, this is a challenge that he could have raised directly to appeal his deportation order back in 1996, and he did not. And to the extent that he raises the due process, there is no – while it may be framed as a legal question, he can't show prejudice. Again, so there is no teeth to the claim. That's the different issue is whether or not we have the jurisdiction to take a look at it. Opposition is that while he may phrase it as a legal question, here the exceptions are reliance on the erroneous legal presence, which didn't happen in this case, and nor is there a settled departure. That also did not happen. So just to sum, the court doesn't have jurisdiction here because this case doesn't fall within either of the two exceptions that the court has labeled. Thank you. Do you have any questions? No. Okay, thank you. Mr. Herman? Thank you, Your Honor. I think this case is exactly like Cruz, and I'd just like to read some passages from Cruz in Cruz the Court. This is Jose Cruz again. Where a BIA opinion leaves the scope of our jurisdiction in question, we will remand to the BIA for further consideration. That's at page 249. At page 250, the court said, we find it to be inconclusive whether the BIA's decision to reopen, in this case, implicated its unfettered discretion. The BIA gave no indication that it considered Cruz's core argument and then went on to find that because it could not tell whether it had jurisdiction over the legal issue, it had to remand to the board for further explanation. Because the board here did not address his due process argument, it acknowledged he was making it. It acknowledged he said the immigration judge's failures deprived him of due process in his hearing, but it did not address the argument. We therefore don't know whether its decision rested on an incorrect legal premise, which you can review, or on an exercise of discretion, which the court can't review. And Cruz says, in that circumstance, the court remands to the board for further explanation. That's what we're asking the court to do. The government is litigating this issue before this court without a finding from the board on it, without any conclusion to defend, and that is improper under Cruz. On the point about due process, the government said repeatedly that Mr. Lahara has not shown prejudice under the court's decision in Leslie, which involved the current codification of the same regulation I discussed with you. The court held that an alien does not have to show prejudice if the immigration judge violates a regulation that was designed to protect fundamental due process rights. So we do not agree that any showing of prejudice would have been required had the board reached this issue. In the settled course issue, I believe the government's principal argument is that he was statutorily ineligible for 212C relief, including now, based on presence accrued in the 13 years Judge Roth mentioned. The BIA did not address that issue either. It just said he was not eligible in his original proceedings. So again, there's no BIA determination to be affirmed on that settled course issue. And reopening, the government cites the Lopp case, and I just direct the court to pages 105 and 106 of that board decision. It says, barring a reversal administratively upon a motion for reopening, the respondent could not thereafter establish eligibility for 212C relief. But we submit to the court that the prior order should be reopened because of the due process violations, in which case we think at least the board should explain whether he could then be eligible for 212C relief. On the 13 years, do you acknowledge he hasn't been LPR since 1996? Your Honor, we think it depends on what happens with his motion to reopen. We think the correct remedy, given the due process violation, is an invalidation of the order, and we think the logical extension of that would be that he continued to be a lawful permanent resident. Okay. And then on the due process, I don't recall, have you given us any cases that say the IJ has to specifically ask, do you agree with this legal conclusion that you are deportable, or reports to that effect? We point to the regulation which says he has to plead to his deportability. The IJ, quote, shall require the respondent to plead to the order to show cause by stating whether he admits or denies the factual allegations and his deportability under the charges contained therein. It's in the regulation. It requires the IJ to take that pleading. Right. I understand that argument. Are there any cases that say sort of what you're saying from any jurisdiction? Specificity required to meet that. No, there are cases saying that the pleadings are an essential part of the process, designed to reflect due process, but we haven't found a case where this was argued one way or another. I think there's a script the Executive Office of Immigration Review gives to immigration judges which suggests to them ways they can ask the questions with greater specificity to comply with the regulations. But we are not aware of a case that addresses it one way or another. Thank you, Mr. Brown. I also wanted to thank you and your firm, your pro bono, I believe. Thank you.  Also, your colleague at the table, it's been my experience that the person who sits at the table and doesn't argue did all the work. So that would be correct here. That's always the case. It's always the case. And then you come in and kind of you get the first and goal and you get the ball to carry it last yard after she's brushed all the way down the field. So thank you both for your work and thanks to your firm for taking the case. It's very helpful. Thank you, Your Honor. It's very helpful. We couldn't do this without pro bono counsel. Happy to help. Thank you for suffering through your discomfort and your cold and coming in today. Next matter. We'll take the matter into advisement. This matter is Davis versus.